IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD FISHER,<br><br>    Plaintiff,<br><br>vs.<br><br>AZRIA MONTCLAIR, and ANNIE MORGAN, Guardian;<br><br>    Defendants. | 8:19CV183<br><br>MEMORANDUM<br>AND ORDER |

  Plaintiff filed his Complaint on April 25, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For purposes of this initial review, the Complaint includes the Supplement (filing no. 6) filed by Plaintiff on May 6, 2019.

## I. SUMMARY OF COMPLAINT

  Plaintiff names Azria Health Montclair and Guardian Annie Morgan as Defendants. Plaintiff's Complaint consists of both the Pro Se Form Complaint for a Civil Case and the Pro Se Non-Prisoner Form Complaint for Violation of Civil Rights. (*See* Filing Nos. 1 & 6.) Plaintiff has left the forms largely blank, and the few portions that are filled in are indecipherable due to Plaintiff's poor handwriting. As best the court can tell, Plaintiff resides at Azria Health Montclair, which is some type of healthcare facility, and the court assumes Annie Morgan is his guardian. Plaintiff attached a newspaper article to his supplement detailing an incident where an Omaha, Nebraska attorney was disciplined for falsifying reports about an incapacitated adult the attorney was court-assigned to monitor. (Filing No. 6 at CM/ECF pp. 3–4.) Plaintiff does not explain how this newspaper article relates to any of the parties in this matter. Plaintiff appears to seek $25 million in

damages from Defendants, but he does not explain what Defendants have allegedly done to him or what specific legal rights Plaintiff believes Defendants violated. (*See Id*. at CM/ECF pp. 5–6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

# III. DISCUSSION

The court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard. (*See generally* Filing Nos. 1 & 6.)

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. *Plaintiff should be mindful to clearly explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal rights Plaintiff believes Defendants violated.* Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 29, 2019**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court

dismissing this case without further notice to Plaintiff. If Plaintiff decides to file an amended complaint, Plaintiff must include all the claims he wishes to pursue against all the defendants he wishes to proceed against in the amended complaint. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal rights Plaintiff believes the defendant violated. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint**.

2.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

3.  The clerk of the court is directed to set a pro se case management deadline using the following text: **November 29, 2019**: check for amended complaint.

Dated this 30th day of October, 2019.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge